IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO. 1:06CR111-1

DAVID TAYLOR,
         Defendant.

ORDER/OPINION

On the 14th day of December 2006, came the United States by Shawn Angus Morgan its Assistant United States Attorney, and also came the defendant, David Taylor, in person and by his counsel, Scott Shough, for hearing on the motion of the United States to detain the defendant pending trial. The United States asserted that Defendant was a flight risk and a risk of danger to the community if released, and also asserted the rebuttable presumption under 18 U.S.C. § 3142(e). Following the hearing on the matter the Court Granted the Government's Motion for Detention, finding that Defendant had not rebutted the rebuttable presumption created by § 3142(e). The Court expressly found that there was probable cause to believe that Defendant had committed an offense for which a maximum term of imprisonment of ten years or more was prescribed in 21 U.S.C. § 841.

On February 2, 2007, Defendant, through counsel, filed a "Motion to Reconsider Order of Detention." [Docket Entry 103]. Defendant proffered in his motion that there was a residence in Florida where he could reside, with an appropriate individual to assist in maintaining his whereabouts. Additionally, Defendant would be residing with and assisting with the care of his own minor children. Defendant intended to reside with either Shayla Felder, his girlfriend and the mother of his two small children, or with his own mother.

In connection with his Motion, Defendant had attached a letter from Ms. Felder, stating that Defendant needed to come home so he could help her with his kids, including a "very sick child."

She stated he would be "more occuppied [sic] of being home with his family and come to court whenever the court day may appear." Ms. Felder then stated: "I can do it alone without his help for my children. I am really trying to help him and keep him out of much trouble."

The government objected to the hearing being reopened, arguing that Defendant had not produced any new, material evidence that supported a reopening.

18 U.S.C. §1342(f)(2)(B) provides, in pertinent part:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

As a preliminary matter, the Court determined that it would be difficult if not impossible to determine if Defendant had new information that was not known by him at the time of the December 14, 2006 detention hearing without first hearing the alleged unknown and new information. Accordingly, the Court permitted Defendant leave to present the alleged unknown and new information. Defendant elected to do so by proffer of his counsel.

The Court further finds that Defendant did not avail himself of his right under 18 USC §3142(f)(2) to request a continuance of the December 14, 2006 detention hearing in order to be better prepared to rebut the presumption created by 18 USC §3142(e).

In consideration of all which, the Court finds that the only new information that may not have been known by Defendant at the time of the initial hearing is: 1) An aggravated battery charge noted in Defendant's criminal history was related to Ms. Felder, Defendant's girlfriend and the mother of his children; the girlfriend with whom Defendant requested he be permitted to reside if

2

released; and 2) An outstanding warrant out of Florida for dealing in stolen property was in regard to a lawn mower which Defendant stated he had purchased for his business.

The Court finds neither of the new pieces of evidence would have been helpful to Defendant at his initial detention hearing, and were not helpful to his cause now. Further the remaining information such as Defendant's criminal history was already known to the Court at the time of the initial hearing and should have been known to Defendant at that time. Defendant knew or should have known that his mother lived in Florida and owned a business there at which he could be employed, and Defendant knew his girlfriend lived in Florida with his two small children. Therefore none of that information is new.

Further, the presumption under § 3142(e) is based upon the offense charged. It matters little that the charges do not involve violence or weapons. They do involve a drug conspiracy charge alleging more than 5 grams of crack cocaine, and, against Defendant individually, with at least one of the counts alleging distribution of a controlled substance within 1000' of a school. Count five involves .96 grams of cocaine base and Count 7 involves 6.3 grams of cocaine base. There is no doubt that these charges involve a 10+ year drug crime.

For all the above reasons, the Court finds there is no basis to reopen the detention hearing. Further, even if there were a basis to reopen the hearing, the Court sees nothing new to rebut the presumption. Defendant's Motion for Reconsideration [Docket Entry 103] is therefore **DENIED**.

It is so **ORDERED**.

Defendant was thereafter advised of his right under 18 USC §3145(b) to "file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order" which motion would be promptly determined.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED this 21st day of February, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE.